IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICKEY CARL STINSON, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 1:06-CV-161 (WLS) |
| Sergeant CLADD; Officer DAVIS, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **MICKEY CARL STINSON,** presently incarcerated at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. He has paid the initial partial filing fee as ordered by the Court.

Upon initial review of plaintiff's complaint, the Court finds that additional information about his contentions is needed before a proper evaluation of his claims and allegations can be made. Plaintiff states that Officer Davis confiscated his legal work on November 14, 2006 and it was not returned for a least four (4) days. Plaintiff states that Sergeant Cladd went through his legal work and damaged or lost a few pages. Plaintiff states that this legal work is for a pending habeas action.

Plaintiff must give the civil action number of the habeas corpus action to which he is referring. Moreover, plaintiff should tell in what Court this habeas corpus action is pending. Finally, plaintiff needs to tell this Court exactly how his habeas action was harmed by the confiscation and subsequent alleged loss of some of his legal work. In other words, the Court needs to know exactly how plaintiff's habeas corpus action (or any other pending legal action) was hindered due to the confiscation and loss of legal work.

Plaintiff shall have until February 9, 2007 to submit a supplemental complaint. If plaintiff

fails to respond to this Order in a timely manner, this action shall be dismissed.  There shall be **no service of process** until further order of the Court.

      **SO ORDERED**, this 8th day of January, 2007.

      */s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb