FILED
U.S. DISTRICT COURT

PM 1:47

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICKEY CARL STINSON,

    Plaintiff

VS.

Sergeant CLADD; Officer DAVIS,

    Defendants

CIVIL ACTION NO. 1:06-CV-161 (WLS)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

**ORDER**

Plaintiff **MICKEY CARL STINSON**, an inmate at the Sumter County Correctional Institute in Americus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee as ordered by the Court on December 7, 2006 and has supplemented his complaint as ordered by the Court on January 8, 2007.

## I. STANDARD OF REVIEW UNDER 42 U.S.C. § 1983

The Court is required to dismiss a prisoner complaint if it determines that the action: (1) is frivolous, or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege

or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

In plaintiff's original complaint, he stated that Officer Davis confiscated his legal work on November 14, 2006; and it was not returned for a least four (4) days. Plaintiff stated that Sergeant Cladd went through his legal work and damaged or lost a few pages. Plaintiff stated that he had to "write over" a few pages due to the loss or damage. Plaintiff alleged that this legal work was for a pending habeas corpus action.

In its Order to Supplement Complaint, the Court requested that plaintiff explain how his habeas action (or any other pending legal action) was harmed by the confiscation and subsequent alleged loss or damage of his legal work. The Court explained that it needed to know exactly how plaintiff's habeas corpus action (or any other pending legal action) was hindered due to the confiscation and loss.

Based on a review of the supplemental complaint that plaintiff filed, it appears that the only harm he suffered was that he had to re-write the damaged and lost pages of his letter brief.

To state a cognizable claim of denial of access to courts, a plaintiff must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343 (1996). In this case, plaintiff would have to show that the temporary confiscation of and damage to his legal work resulted in is inability to pursue a legitimate claim. *Bass v. Perrin*, 170 F.3d 1312, 1320 n.13 (11th Cir. 1991). Plaintiff has not shown this. Plaintiff does not state that his habeas corpus action was dismissed, denied, or

otherwise adversely affected due to the defendants' actions. The mere fact that he had to re-write a few pages does not establish the necessary actual injury that must be shown to satisfy the standing requirement of an access to courts claim.

Accordingly, the instant action is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 24th day of January, 2007.

W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT

lnb